IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DeANGELO M JONES (B-23005), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11 C 699 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| MARCUS HARDY, SERGEANT WILES, ) | |
| and LIEUTENANT MICHEL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deangelo Jones, an Illinois inmate currently incarcerated at the Menard Correctional Center, initiated this 42 U.S.C. § 1983 suit in January 2011 against Stateville Correctional Center officers and numerous Illinois Department of Corrections officials. Plaintiff alleges that the conditions in Stateville's F-House, where he was housed in 2009, were so deplorable that they amounted to a violation of his Eighth Amendment right against cruel and unusual punishment. On July 11, 2011, the Court conducted a preliminary review of Plaintiff's amended complaint and determined that Plaintiff could proceed with that complaint against Stateville Warden Marcus Hardy and Stateville Officers Lieutenant Michel, and Sergeant Wiles, the supervisors of F-House.

Defendants Hardy, Michel, and Wiles have filed a Motion to Dismiss, to which Plaintiff has responded. For the following reasons, the Court grants in part and denies in part the motion. Plaintiff is allowed to proceed with some of his claims, but other claims are dismissed.

**I. STANDARD OF REVIEW**

When considering a motion to dismiss, a court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Marshall-Mosby v. Corporate Receivables,*

*Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ultimate ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendant with sufficient notice of the claim, including the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint alleges the following claims. He was housed in F-House at Stateville from February to December 2009. Plaintiff states that the atmosphere in F-House was extremely hostile with insufficient security; there were many fights between inmates; one inmate was killed by his cellmate; and Plaintiff feared for his safety. (Am. Compl. at 12.) Allegedly, Plaintiff requested to be moved, but Defendants Wiles and Michel, the supervisors of F-House, told him that the only way to be moved was to be involved in a fight. (*Id.*)

Plaintiff then alleges the following conditions. The water at Stateville was contaminated with radium and rust, prison employees did not drink it, and Plaintiff experienced diarrhea and nausea as a result. (*Id.* at 14.) The ventilation in F-House was extremely poor, causing stifling conditions in hot weather or when cells are overheated. (*Id.* at 15.) F-House was allegedly infested with roaches, spiders, and other bugs, as well as birds and mice. (*Id.*) Cleaning supplies were not handed out weekly, but instead twice a month, and inmates had to tear towels to create rags in order to clean. (*Id.* at 16.) Meals

were served cold and were brought to cells on trays used for transporting trash. (*Id.* at 17.) Bright lights in the hallway outside his cell were kept on 24 hours of day, which disrupted Plaintiff's sleep. (*Id.* at 18.) Inmates were not given season-appropriate clothing. (*Id.*) Adequate grievance procedures were not followed. (*Id.*) Lastly, inmates were not given sufficient gym or yard time and had very limited access to the library and their legal boxes. (*Id.* at 13.)

Plaintiff states that he suffered migraines, loss of sleep, stress, high blood pressure, stomach pains, and sinus problems as a result of the above-described conditions. (*Id.* at 20.)

### III. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's amended complaint fails to state a claim because (1) there is no indication that Warden Hardy was personally involved in the conditions, and (2) the conditions were not so deficient to amount to a constitutional violation.

As to Warden Hardy, Defendants correctly state that § 1983 liability against Hardy in his individual capacity requires direct, personal involvement. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). There is no respondeat superior theory of liability for civil rights actions, and "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation." *Id.* Plaintiff need not allege "direct participation," but there must be at least some indication "that the [Warden] acquiesced in some demonstrable way in the alleged constitutional violation." *Id.*

The conditions Plaintiff alleges, for the most part, appear to have been broad problems throughout Stateville's F-House (pest infestation, poor ventilation, bright lights in hallways, food being delivered on trays that also carry trash, inadequate security, inadequate yard and library time). "Defendants such as the Sheriff . . . of the Jail [and here, the Warden of a Prison] can realistically be expected to know about or participate in creating system[ic] jail conditions." *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996)). Additionally, in response to the

motion to dismiss, Plaintiff asserts that Hardy concurred with the denial of Plaintiff's grievances about F-House conditions, thus "making him aware of the problems." (Doc. #32, Pl.'s Memorandum in Response at 2.) A "prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993-94 (7th Cir. 1996)).

If a more developed record shows that Hardy's knowledge of Plaintiff's alleged conditions is based solely on the denial of a few grievances, Plaintiff individual-capacity claims against Hardy will not succeed. However, at this early stage of the case, where the court must assume to be true all well-pleaded allegations and reasonable inferences drawn therefrom, Hardy must remain a Defendant.

As to the conditions of his confinement, Plaintiff must be able to demonstrate that: (1) his conditions were objectively serious; and that (2) the Defendants acted with deliberate indifference to the condition. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). Inmates are entitled to "the minimal civilized measure of life's necessities," and must be provided adequate shelter, clothing, food, bedding, heat, and sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Board,* 394 F.3d at 477-81. In order for a defendant to be individually liable, he must have actually been aware of the condition and have taken no steps to resolve it. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

Contrary to the Defendants' contention, the Court cannot determine the severity of the conditions at this stage of this case. Plaintiff's amended complaint sufficiently pleads the seriousness of, and states Eighth Amendment claims with respect to, the following conditions: (1) lack of proper ventilation and extreme heat caused by inadequate ventilation, *see Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir.2006); (2) lack of adequate cleaning supplies, *see Jamison-Bey v. Thieret*, 867 F.2d 1046, 1047-49 (7th Cir.

1989); (3) sleep deprivation from constant lighting, *see Golden v. Berge*, No. 03 C 0403, 2003 WL 23221483 at *4 (W.D. Wis. Sept. 25, 2003) (Crabb, J.); (4) infestation of insects, rodents, and birds, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); (5) inadequate sanitation for meals, *see Gillis*, 468 F.3d at 493; (6) contaminated water with radium and/or rust causing Plaintiff diarrhea and stomach pains, *see Truidalle v. Taylor*, No. 11 C 1170, 2011 WL 6780690 at *4 (N.D. Ill. Dec. 23, 2011) (Lefkow, J.); (7) inadequate recreation time for the months he was housed in F-House, *see Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001); and (8) inadequate clothing in winter. *See Giampaolo v. Shaw*, No. 06-1186, 2009 WL 856032 *11 (C.D. Ill. March 27, 2009) (Baker, J.) (citing *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) and *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir. 1992)).

Plaintiff's other claims, however, warrant dismissal. With respect to a lack of security, Plaintiff alleges neither a specific incident where prison officers failed to protect him nor that he was actually threatened. (Am. Compl. at 11.) Rather, Plaintiff asserts a general atmosphere of violence among inmates and between prison officers and inmates. (*Id.*) "[P]rison officials have a duty ... to protect prisoners from violence," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), but a plaintiff must show that prison officials were aware of a specific, impending threat to his safety. A general risk of violence is not enough, as prisons are inherently dangerous places. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Plaintiff's allegations of generally unsafe conditions in F-House and a general fear for his safety are insufficient to state a constitutional claim. *Id.*; *see also Beasley v. Stephens*, No. 10-895, 2011 WL 2670189 *3 (S.D. Ill. July 7, 2011) (Murphy, J.) ( "[a] vague, general fear of harm that is not based on a specific threat is not enough to state a cause of action for deliberate indifference or failure to protect"). This claim is dismissed.

Plaintiff's claim of inadequate library time must also be dismissed. There is no "right to browse," and no constitutional right "to unfettered direct access to law libraries. Prisoners are instead entitled to

'meaningful' access to the courts." *Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995) (quoting *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987)). A right of access to the courts is violated only when the deprived access results in an "actual injury ." *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009). A plaintiff must "spell out in his complaint the connection between the alleged denial of access to the courts and the actual, nonfrivolous " claim he could not bring. *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 414 (2002)). In this case, Plaintiff asserts only general allegations that he had less library access as a F-House resident. (Am. Compl. at 14-15.) He does not state that any claim that he was unable to raise as a result. (*Id.*) Accordingly, Plaintiff's access-to-library claim is dismissed.

Plaintiff's claim of inadequate access to the prison's grievance system must also be dismissed. "A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate." *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001). Although a prisoner must file grievances to exhaust his claims, see 42 U.S.C. § 1997e(a), the lack of a grievance system or the failure of prison officials to adhere to a prison's grievance procedures does not give rise to a separate civil rights claim. *Massey*, 259 F.3d at 647; see also § 1997e(b) ("the failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title").

As it appears clear from Plaintiff's pleadings that his lack-of-security, inadequate-library-access, and inadequate-grievance-system claims all involve general complaints unsupported by specific instances of harm or prejudice, providing him with an opportunity to amend to better state these claims would be futile. These claims are thus dismissed with prejudice. *See Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (a court need not permit a party to amend a complaint where the amendment would be futile).

Lastly, Defendants Wiles and Michel contend that, except for the claim of a hostile and unsafe environment, Plaintiff does not allege these Defendants acted with deliberate indifference. Like Warden Hardy, Wiles and Michel, as the supervisors of F-House, "can realistically be expected to know about or participate in creating system[ic] jail conditions." *Sanders*, 198 F.3d at 629 (citing *Antonelli*, 81 F.3d at 1429). As noted with Hardy, if a more fully developed record shows that Wiles and Michel did not have actual knowledge of the conditions or did not refuse to remedy them, they may again argue the lack of deliberate indifference. At this stage, however, they must remain as Defendants.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [19] is granted in part and denied in part. Plaintiff may proceed with the following claims: (1) lack of proper ventilation and extreme heat caused by inadequate ventilation, (2) lack of cleaning supplies, (3) constant bright lights in hall preventing sleep, (4) infestation of insects, rodents, and birds, (5) inadequate sanitation for meals, (6) contaminated water with radium and/or rust causing Plaintiff diarrhea and stomach pains, (7) inadequate recreation time for the months he was housed in F-House, and (8) inadequate clothing in winter. Plaintiff's other claims are dismissed. Hardy, Wiles, and Michel are directed to answer the amended complaint or otherwise plead within 30 days of the date of this order. Plaintiff's motion to deny Defendants' motion to dismiss [31] is denied; however, the court accepts this pleading as part of his response to the motion to dismiss.

ENTER: _____
　　　　　**Joan B. Gottschall**
　　　　　**United States District Court Judge**

**DATE: April 4, 2012**