# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 699 | **DATE** | April 29, 2013 |
| **CASE TITLE** | DeAngelo M Jones (B-23005) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's current motion to be represented by counsel [#65] is denied without prejudice. Plaintiff is given until May 31, 2013 to forward discovery requests to Defendants, who shall respond by June 28, 2013. Discovery is set to close on July 19, 2013. The date for Defendants' dispositive motion is extended to August 9, 2013. Plaintiff's response is due September 13, 2013, and Defendants' reply is due October 4, 2013. Ruling will be by mail. The parties are encouraged, in the alternative to filing a dispositive motion, to discuss the possibility of settlement. Plaintiff's objection to the taking of his deposition [#66] is denied. His motion for "help," which states that discovery is not complete and that he does not know how to conduct discovery, [#67] is granted insofar as the court has extended the discovery close date and provides the discussion below as guidance to Plaintiff as to how he may conduct discovery. A status hearing is set for 7/23/2013 at 9:30a.m. Counsel for Defendants shall arrange for Plaintiff to participate by phone.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff DeAngelo Jones, an inmate confined at Menard Correctional Center, filed this 42 U.S.C. § 1983 suit concerning conditions at Stateville while he was confined there in 2009. The court dismissed several of his claims when it granted in part Defendants' motion to dismiss. Remaining are the following claims: inadequate ventilation; inadequate access to cleaning materials; sleep deprivation due to constant bright lights; infestation of rodents and insects; inadequate sanitation for meals; contaminated water with radium and/or rust that caused him diarrhea and stomach pains; insufficient recreation time; and inadequate clothing in winter.

The case is in the midst of discovery. Currently pending are Plaintiff's motion for representation by counsel, a request for the extension of the discovery close date, an objection to his deposition being taken, and a request for "help" which states that he does not know how to proceed. At the present time, representation by counsel is not warranted. Though this case involves a variety of claims, the legal and discovery issues are not complex; there is no evidentiary hearing currently scheduled at which witnesses would be examined and cross-examined; and Plaintiff's pleadings demonstrate that he is competent to represent himself at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). His request for counsel is thus denied without prejudice to him resubmitting his request at a later stage of the case.

Plaintiff, himself, may conduct discovery by forwarding interrogatories (written questions), requests for the production of documents, and/or requests to admit to the Defendants through their counsel. *See* Fed. R. Civ. P. 33, 34, 36. For instance, Plaintiff may request: extermination records for the area of the prison where he was housed, whether the water at the prison has been tested for contamination, medical records for any treatment he received resulting from the alleged adverse conditions, information about whether and why lights were kept on his unit, information about recreation time provided to him, the frequency and type of cleaning materials

**STATEMENT**

provided, and whether the defendants were aware of the conditions and what actions they took as a result.

As further guidance, the court reiterates what Plaintiff must prove to succeed on his claims. He must be able to demonstrate that: (1) his conditions were objectively serious, and that (2) Defendants acted with deliberate indifference to the conditions. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). Inmates are entitled to "the minimal civilized measure of life's necessities," and must be provided adequate shelter, clothing, food, bedding, heat, and sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Board*, 394 F.3d at 477-81. In order for a defendant to be individually liable, he must have actually been aware of the condition and have taken no or unreasonably insufficient steps to resolve it. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Additional discussion of the law with respect to an inmate's conditions of confinement is provided in the court's April 4, 2012, memorandum opinion addressing Defendants' motion to dismiss.

The court extends the discovery close date to allow Plaintiff to submit written questions, requests for production of documents, etc. to Defendants through their counsel, and discovery is set to close July 19, 2013.